945 F.2d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hieu Duc TRAN, Defendant-Appellant.
 No. 90-10373.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1991.*
Decided Sept. 25, 1991.
 
 Before CHOY, ALARCON and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The defendant, Hieu Duc Tran, was charged with interstate transportation of stolen goods in violation of 18 U.S.C. § 2314 and conspiracy to transport stolen goods interstate violating 18 U.S.C. § 371. Tran appeals his conviction contending that hearsay was erroneously admitted into evidence and that the prosecutor made prejudicially improper comments during closing argument.
 
 HEARSAY
 
 3
 The district court determined that the police report was not admitted to demonstrate the gun was stolen. We agree. It was admitted to establish a link between Tran and the gun. As it was not offered to prove the truth of the matter asserted, it was admissible as nonhearsay.
 
 
 4
 Misrepresentations made by a defendant are admissible to prove that the statements are made if they were not offered in an attempt to prove the contents of the statement. United States v. Kirk, 844 F.2d 660, 663 (9th Cir.1988).
 
 
 5
 Here, the police report was not admitted to prove that the gun in fact had been stolen but simply to show that the report had, in fact, been made. Coupled with his admission during the conspiracy, the police report provided the connection to Tran and corroborates his statement during the conspiracy that he had reported the gun stolen.
 
 PROSECUTORIAL MISCONDUCT
 
 6
 I. In rebuttal, the prosecutor mentioned the government's presentation of "legally admissible evidence." Defense counsel timely objected and the district court instructed the jury in response.
 
 
 7
 The prosecutor was attempting to state that admissible evidence was one of three elements needed for a conviction: evidence, law, and the jury's common sense. The judge upheld the defense objection and reminded the jury that they had heard all the evidence. Consequently, error, if any, was corrected by the judge's remedial measures. See United States v. Solomon, 825 F.2d 1292, 1300 (9th Cir.1987).
 
 
 8
 Looking at the evidence submitted, the context of the remarks, and the overall trial, this court finds that the prosecutor's comments did not materially affect the fairness of the trial. "[R]emarks must be examined in the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." United States v. Young, 470 U.S. 1, 12 (1985). Any minimal damage caused by the statements were cured by the judge's instruction.
 
 
 9
 II. Tran also contends that the prosecution improperly vouched for the prosecution witnesses' credibility. Tran made no objection to these latter comments at trial, therefore, this court will only reverse for plain error.
 
 
 10
 While it is improper for the prosecution to vouch for the credibility of a government witness, a prosecutor may respond to the defense. "References to requirements of truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the credibility because of his plea bargain." United States v. Shaw, 829 F.2d 714, 717 (9th Cir.1987).
 
 
 11
 In this case, a primary defense strategy was to attack the testimony of the co-conspirators based on their pleas. Once the defense has attacked a witness's truthfulness based on an agreement, the prosecution's response has been invited. "We must consider the prosecutor's comments in the context of the defense counsel's arguments which repeatedly asserted that the government witness was lying." United States v. Wallace, 848 F.2d 1464, 1474 (9th Cir.1988). "Thus the import of the evaluation has been that if the prosecutor's remarks were invited and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction." Young at 12-13. The prosecutor in this case was clearly responding to the lengthy cross examination of the witness by the defense counsel. No error was committed.
 
 
 12
 The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3